NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN KNEIZYS,

          Plaintiff-Appellant,

  v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Washington Mutual Bank, Henderson,
Nevada; ELIZABETH RICE; NORMAN R.
MORRISON, Jr.; FRANKLIN H.
MORRISON; JAMES BOHANON; JAMES
MCLAUGHLIN; VICKI MCLAUGHLIN;
RONALD V. RICE,

          Defendants-Appellees.

No. 23-35276

D.C. No. 2:20-cv-01402-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 20, 2024[**]

Before:    S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Steven Kneizys appeals pro se from the district court's summary judgment

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in his action against the Federal Deposit Insurance Corporation ("FDIC") as receiver for Washington Mutual Bank arising out of a dispute over land in Maine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021) (summary judgment); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998) (the district court's determination of subject matter jurisdiction). We vacate the judgment and remand with instructions to dismiss for lack of subject matter jurisdiction Kneizys's claim seeking reformation of a deed.

The district court lacked subject matter jurisdiction over Kneizys's claim seeking reformation of a deed because Kneizys failed to file a timely administrative claim under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). *See* 12 U.S.C. § 1821(d)(3)-(10), (13)(D) (setting forth FIRREA's administrative claims process and providing that courts lack jurisdiction over claims that have not been exhausted through this process); *Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1284 (9th Cir. 1994) (concluding that FIRREA's claims bar date is a jurisdictional requirement). We vacate the district court's summary judgment for the FDIC on Kneizys's reformation claim and remand with instructions to dismiss the claim for lack of subject matter jurisdiction.

We reject as unsupported by the record Kneizys's contentions that the

district court denied him due process or was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

The parties will bear their own costs on appeal.

**VACATED and REMANDED with instructions.**